UNITED STATES of America,

v.

Malcolm Hussain TORAN, a/k/a Hots
Malcolm Toran, Appellant.

No. 00–3786.

United States Court of Appeals,
Third Circuit.

Submitted Sept. 20, 2002.

Opinion Filed Oct. 18, 2002.

Decided Oct. 21, 2002.

Before SCIRICA, ALITO, and
MCKEE, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Because we write for the parties only, the background of the case need not be set out.

Appellant Malcolm Hussain Toran ("Appellant") appeals his conviction for conspiracy to possess with the intent to distribute an amount of cocaine base in excess of 50 grams in violation of 21 U.S.C. § 846. For the reasons stated below, we affirm Appellant's conviction.

I.

Where a federal criminal defendant enters a guilty plea as to a given charge, a court may only overturn the defendant's conviction on the ground that the defendant's plea was not "voluntary and intelligent" in nature. *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Although *Tollett* involved a petition for federal habeas corpus, this Court has confirmed that the restrictions described in *Tollett* on challenges to a district court's rulings on pretrial motions where a defendant has pled guilty are also applicable where the defendant brings such challenges on direct appeal from his conviction. In *United States v. Huff,* 873 F.2d 709 (3d Cir.1989), the defendant was arrested for bank robbery and related offenses and made inculpatory statements to the police in the course of his interrogation. Defendant filed pre-trial motions requesting that the statements be suppressed because they were involuntarily taken in violation of his constitutional rights. The District Court denied these motions. Subsequently, defendant elected to plead guilty to certain charges in exchange for the government's agreement to dismiss the remaining counts and not to oppose defendant's request to concurrently serve the sentences imposed for the counts to which he pled guilty. At sentencing,

defendant moved to withdraw his plea and go to trial, again raising the argument that his statements to the police were not voluntarily given. The District Court denied defendant's motion to withdraw his plea. Defendant then appealed, arguing that the district court erred in denying defendant's motion to suppress his statements to the police. The Court declined to reach this question, reasoning that "[i]f [defendant] wanted to preserve his right to challenge the validity of his statements on appeal, he should have refused to plead guilty unless his plea was conditional under Fed. R.Crim.P. 11(a)(2)." *Id.* at 712. Since defendant conceded that his guilty plea was unconditional in nature, he could not appeal the District Court's denial of his suppression motions, and could only attack his conviction on the ground that he did not voluntarily and intelligently enter his guilty plea.

In the instant case, Appellant does not dispute that his guilty plea, like that of the defendant in *Huff*, was unconditional in nature; Appellant did not reserve the right to appeal the District Court's determinations regarding his motion to suppress his statements to Agent Van Slyke and Detective Nolan. Nor does Appellant deny that this Court's holding in *Huff* prevents him from challenging the District Court's denial of his motion on appeal. Appellant instead contends that this Court should "modif[y] or exten[d]" the doctrine set out in *Huff* "due to the constitutional nature of [Appellant's] claim (the Fifth Amendment right not to incriminate himself and his Sixth Amendment right to counsel,) the government's conduct, and the length of his incarceration." Brief for Appellant at 13.

As noted above, this Court has previously acknowledged that the holding of *Tollett* applies to direct appeals by defendants who have entered guilty pleas. The Supreme Court's language in *Tollett* did not admit of exceptions where facts such as those in the instant case are present. Indeed, *Tollett* itself involved a highly similar factual situation. The appellant in *Tollett* argued that despite his plea of guilty to a charge of first-degree murder and subsequent sentence of 99 years' imprisonment, he should be able to attack his conviction because racial discrimination was unconstitutionally employed in selecting the members of the grand jury that indicted him. Thus, appellant in *Tollett* also sought to raise constitutional attacks on his conviction, cited egregious governmental conduct to support his position, and had received a severe sentence for his crimes, but the Supreme Court denied appellant the ability to overturn his guilty plea. Given this case's similarity to *Tollett,* crafting an exception to the prohibition on challenging pre-trial rulings where the defendant has pled guilty on these facts would disregard the mandate of Supreme Court precedent. Hence, we decline to entertain Appellant's challenges to the District Court's denial of his suppression motion.

The judgment of the District Court is affirmed.